IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RUSSELL M. GRIMES,                          :
                                            :
          Plaintiff,                        :
                                            :
     v.                                     :   Civil Action No. 03-437-JJF
                                            :
CHARLES CUNNINGHAM,                         :
THOMAS CARROLL, and                         :
MARISSA MCFADDEN,                           :
                                            :
          Defendants.                       :

Russell M. Grimes, Pro Se Plaintiff.

Aaron R. Goldstein, Esquire, Deputy Attorney General, Delaware Department of Justice.
Attorney for Defendants.

## MEMORANDUM OPINION

December 8, 2005
Wilmington, Delaware

Farnan, District Judge.

Joseph J. Farnan Jr.

Pending before the Court is Defendants' Joint Motion For Summary Judgment (D.I. 47). For the reasons discussed, the Motion will be granted.

## BACKGROUND

At the commencement of the events that gave rise to this action, Plaintiff was detained, prior to trial, at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, formerly known as Gander Hill Prison. On February 19, 2003, following a riot at HRYCI, in which he was accused of participating, Plaintiff was transferred to the Delaware Correctional Center ("DCC") in Smyrna, Delaware. Upon his arrival at DCC, Plaintiff was placed in administrative segregation in the Security Housing Unit ("SHU"), where he remained until August, 2003.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. By his amended Complaint (D.I. 2; D.I. 8), Plaintiff alleges that Defendants violated his Fourteenth Amendment right to procedural due process by placing him in administrative segregation in the SHU without a hearing.[1] Plaintiff further alleges that

---

[1] Plaintiff also alleges that his confinement in the SHU violated his Eighth Amendment right to be free from cruel and unusual punishment, but his argument on that allegation is substantially identical to his argument on his Fourteenth Amendment claim. (D.I. 7; D.I. 22.) Accordingly, the Court will treat Plaintiff's Eighth and Fourteenth Amendment allegations as one claim alleging deprivation of procedural due process.

1

Defendants violated his First Amendment right to free exercise of his religion and that his confinement in the SHU was in retaliation for another civil lawsuit that he had filed against correctional officials.

By their Motion, Defendants contend that they are entitled to summary judgment on each of Plaintiff's claims. Among numerous arguments, they contend that Plaintiff's due process rights were not violated because he did not have a cognizable liberty interest in remaining in the general prison population, that he cannot establish any violation of his right to free exercise of religion, and that his retaliation claim is speculative and without factual support.

## DISCUSSION

### I. Standard Of Law

In pertinent part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party.

2

Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 200 (3d Cir. 1995). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). To properly consider all of the evidence without making credibility determinations or weighing the evidence, a "court should give credence to the evidence favoring the [non-movant] as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). However, the mere existence of some evidence in support of the non-movant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely

colorable, or is not significantly probative," summary judgment may be granted. Id.

## II. Whether Defendants Are Entitled To Summary Judgment On The Claim Of Deprivation Of Fourteenth Amendment Due Process

In order for a Plaintiff to maintain a claim under the Due Process Clause of the Fourteenth Amendment, he must establish that Defendants' actions infringed a protected liberty interest. Board of Regents v. Roth, 498 U.S. 564, 569-70 (1972). If Plaintiff had no protected liberty interest in remaining free of administrative segregation, then the state owed him no process before placing him there. Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003). The Court concludes that Plaintiff did not have such a liberty interest.

The Supreme Court has said that, when evaluating whether conditions of pretrial detention implicate due process rights, "the proper inquiry is whether those conditions amount to punishment prior to an adjudication of guilt in accordance with law." Bell v. Wolfish, 441 U.S. 520, 535 (1979); see also Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005) (citing Bell v. Wolfish as setting forth the proper standard of analysis for claims of deprivation of due process by a pretrial detainee). In deciding whether the challenged conditions amount to punishment, a court must determine "whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. . . . [I]f a particular

4

condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Id. at 538-39. The Supreme Court also noted that courts should ordinarily defer to the expert judgment of correctional officials when determining whether conditions or restrictions of pretrial detention are reasonably related to the Government's interest in maintaining the security and order of correctional institutions. Id. at 540 n.23.

Here, Defendants assert that the decision to place Plaintiff in administrative segregation in the SHU was made for security reasons and not for punishment. (D.I. 32 at 4; D.I. 48, Ex. B.) Correctional officials believed that Plaintiff had participated in a riot at HRYCI and that he was affiliated with a criminal street gang. (D.I. 48, Exs. B & J.) Plaintiff, although denying participation in the riot and membership in a gang, offers no evidence that the decision to place him in administrative segregation was made for punitive rather than for security reasons. Therefore, the Court concludes that Plaintiff's confinement in pretrial administrative segregation was reasonably related to the Government's interest in maintaining security at DCC and did not amount to punishment. Because Plaintiff's placement in administrative segregation was not punishment, Plaintiff's procedural due process rights are not implicated.

5

Thus, Defendants' are entitled to summary judgment on Plaintiff's claim that he was deprived of his Fourteenth Amendment right to procedural due process.

### III. Whether Defendants Are Entitled To Summary Judgment On The Claim Of Deprivation Of The First Amendment Right To Free Exercise Of Religion

Plaintiff alleges that his confinement in the SHU prevented him from participating in communal religious services, thereby depriving him of his First Amendment right to free exercise of his religion. Plaintiff acknowledges that DCC regulations prohibit all inmates and detainees housed in the SHU from attending religious services. (D.I. 48, Ex. A at 28.) Prison regulations do not offend the Free Exercise Clause of the First Amendment if they are reasonably related to legitimate penological objectives. O'Lone v. Estate of Shabazz, 482 U.S. 342, 353 (1987). Inmates and detainees are placed in administrative segregation in the SHU because they are assessed as presenting a security risk if left in the general prison population. (D.I. 48, Ex. I.) Thus, the DCC regulation prohibiting SHU occupants from attending communal religious services is intended to enhance the security of the institution. (Id.) The Court concludes that the regulation is reasonably related to the legitimate penological objective of maintaining security and order and, therefore, does not offend the Free Exercise Clause. Accordingly, Defendants are entitled to

6

summary judgment on Plaintiff's claim that he was deprived of his First Amendment right to free exercise of his religion.

### IV. Whether Defendants Are Entitled To Summary Judgment On The Claim Of Retaliation

Plaintiff's allegation of retaliation amounts to a claim that Defendants violated his First Amendment right to free speech by placing him in administrative segregation in retaliation for his having filed a civil lawsuit against other correctional officials. In order to prevail on a claim for retaliation in violation of First Amendment rights, a plaintiff must prove "(1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d at 530. In his deposition, Plaintiff admits that he has no evidence establishing a causal link between his other civil lawsuit and his confinement in the SHU. (D.I. 48, Ex. A at 21-24.) Therefore, the Court concludes that Defendants are entitled to summary judgment on Plaintiff's claim of retaliation in violation of his First Amendment right to free speech.

### V. Conclusion

Having fully considered the submitted pleadings, answers to interrogatories, depositions, and affidavits, the Court, for the reasons discussed, concludes that there are no genuine issues of

7

material fact for trial and that Defendants are entitled to judgment as a matter of law.  Therefore, Defendants' Joint Motion For Summary Judgment (D.I. 47) will be granted.

    An appropriate order will be entered.

8